## IN THE UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF NEBRASKA
## OMAHA DIVISION

| | |
|---|---|
| RODNEY R. URY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  16-cv-260 |
| ) | |
| UNION PACIFIC RAILROAD COMPANY, ) | TRIAL BY JURY DEMANDED |
| and RAILCREW XPRESS, LLC ) | |
| ) | |
| Defendants ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, RODNEY R. URY, by and through his attorneys, CRAIG W. CHURCH, MATTHEW F. LIEBERT, and HOEY & FARINA, P.C.  and for his Complaint against the Defendants UNION PACIFIC RAILROAD COMPANY and  RAILCREW XPRESS, LLC states as follows:

### JURISDICTION

1. Jurisdiction of this court is invoked under the provisions of Title 45 U. S. Code, § 56, and Title 28 U. S. Code § 1331, and 28 U.S.C. § 1367(a).

2. This action arises under, and the rights and responsibilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*.

### PARTIES

3. The Defendant, UNION PACIFIC RAILROAD COMPANY, was and is a railroad corporation doing business in the State of Nebraska.

4. The Defendant, RAILCREW XPRESS, LLC is a Delaware Corporation authorized to and doing business within the State of Nebraska.

5. The Plaintiff, RODNEY R. URY, is an individual residing in the State of Nebraska.

## FIRST CLAIM FOR RELIEF
### (UNION PACIFIC RAILROAD COMPANY)

6. The Defendant, UNION PACIFIC RAILROAD COMPANY, at all pertinent times, was a corporation engaged in operating a railroad as a common carrier in interstate commerce between the various states of the United States, and is subject to service of process and to the jurisdiction of this Court.

7. On December 31, 2013, Defendant, UNION PACIFIC RAILROAD COMPANY, managed, maintained, and used as a portion of its railroad systems, a certain facility located in Omaha, Nebraska.

8. On December 31, 2013, and at all pertinent times, Plaintiff, RODNEY R. URY, was employed by Defendant, UNION PACIFIC RAILROAD COMPANY, as a conductor, and his duties as such, were in furtherance of interstate commerce for Defendant.

9. In the course of his duties, at that time, Plaintiff was required to take transportation to his train at Omaha, Nebraska.

10. RAILCREW XPRESS, LLC was providing livery service for Defendant, UNION PACIFIC RAILROAD COMPANY, for its train crews working at Omaha, Nebraska.

11. As Plaintiff was being transported by a RAILCREW XPRESS van, #108150, to his train, the van drove into large depressions along the UNION PACIFIC'S right of way at an excessive speed causing Plaintiff, RODNEY URY, to be thrown violently injuring his head, neck, back, shoulders, knees, and sustaining traumatic brain injury.

12. It was the continuing duty of Defendant, UNION PACIFIC RAILROAD COMPANY, as employer, at that time and place to use ordinary care in furnishing Plaintiff a reasonably safe place to work.

13. Defendant, UNION PACIFIC RAILROAD COMPANY, at said time and place alleged, notwithstanding its duties to Plaintiff, was careless and negligent in one or more of the following particulars, and thereby caused injury to Plaintiff:

    a) Through its agent, RAILCREW XPRESS, LLC, failed to keep a proper lookout and in carelessly operating the van;

    b) Failed to provide reasonably safe transport to personnel to their assignments;

    c) Carelessly and negligently permitted RAILCREW XPRESS, LLC, to perform the task involved;

    d) Failed to properly inspect and maintain the roadway on its property;

    e) Failed to mark, barricade, place a cone or otherwise warn the driver of the vehicle of the large depressions;

    f) Permitted its agent, RAILCREW XPRESS, LLC, to operate a poorly maintained van;

    g) Permitted an unqualified driver to operate the van;

    h) Failed to change crews at a proper and reasonably safe location.

14. Defendant, UNION PACIFIC RAILROAD COMPANY'S failure to provide Plaintiff with a reasonably safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, the Plaintiff to injury to his head, neck, back, shoulders, knees, and traumatic brain injury.

15. As a consequence, Plaintiff incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish, and disability; as a further result, Plaintiff has been and will in the future, be kept from attending to his ordinary affairs and duties, and has lost

and will lose great gains which he otherwise would have made and acquired; as further result, Plaintiff has incurred medical, hospital, and related expenses and is reasonably certain to incur further medical, hospital, and related expenses in the future.

16. Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage loss, and other recoverable damages supported by the evidence and permitted by law, resulting in whole or in part from the aforesaid unlawful and careless acts and omissions of Defendant.

17. Plaintiff, RODNEY R. URY, demands trial by jury.

WHEREFORE, Plaintiff, RODNEY R. URY, asks for judgment against Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount in excess of jurisdictional minimum, plus the cost of this suit.

### SECOND CLAIM FOR RELIEF
### (RAILCREW XPRESS, LLC)

18. Plaintiff repeats and incorporates herein by reference each and every averment contained in paragraphs 1 through 17 above.

19. On December 31, 2013, Defendant, RAILCREW XPRESS, LLC, at all pertinent times, was a corporation and a Delaware LLC authorized to and doing business within the State of Nebraska.

20. That on December 31, 2013, Defendant, RAILCREW XPRESS, LLC, was providing livery services for the Defendant, UNION PACIFIC RAILROAD COMPANY, for its train crews working in Omaha, Nebraska.

21. That on December 31, 2013, Defendant, RAILCREW XPRESS, LLC, was assigned to transport Plaintiff to his train.

22. That on December 31, 2013, Defendant, RAILCREW XPRESS, LLC, operated its van in a negligent manner at a high rate of speed into large depressions along UNION PACIFIC'S right of way causing serious injury to the Plaintiff's head, neck, back, shoulders, knees, and traumatic brain injury.

23. That at all pertinent times, Defendant, RAILCREW XPRESS, LLC, was under a duty to exercise ordinary care to avoid placing Plaintiff in danger, to exercise ordinary care for the safety of the Plaintiff, and to exercise ordinary care to operate its vehicle so as to ensure the safety of all persons therein.

24. At that date, time and location, Defendant, RAILCREW XPRESS, LLC, by and through its agent was guilty of the following negligent, careless, and unlawful acts or omissions:

   a) Carelessly and negligently failed to maintain a proper lookout;

   b) Carelessly and negligently operated its vehicle at a high rate of speed;

   c) Carelessly and negligently failed to keep the van under proper control;

   d) Carelessly and negligently proceeded at a speed which was greater than reasonable and proper;

   e) Carelessly and negligently operated its vehicle at a speed which was greater than reasonable and proper so as to endanger the safety of the Plaintiff;

   f) Carelessly and negligently failed to decrease speed;

   g) Carelessly and negligently operated, maintained and drove the vehicle in an unsafe manner and condition;

   h) Carelessly and negligently operated a vehicle which had not been properly maintained or serviced;

      i)     Carelessly and negligently failed to decrease speed to stop its motor vehicle to avoid injury;

      j)     Was otherwise careless and neglectful of its duties.

25. One or more of the foregoing negligent acts or omissions proximately caused the Plaintiff to suffer injury to his head, neck, back, shoulders, knees, and traumatic brain injury.

26. As a consequence, Plaintiff, RODNEY R. URY, incurred injuries, which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future, be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses, and is reasonably certain to incur further medical, hospital and related expenses in the future.

27. Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage loss, and other recoverable damages supported by the evidence and permitted by law, resulting in whole or in part from the aforesaid unlawful and careless acts and omissions of Defendant.

28. Plaintiff, RODNEY R. URY, demands trial by jury.

WHEREFORE, Plaintiff, RODNEY R. URY, asks for judgment against Defendant, RAILCREW XPRESS, LLC, in an amount in excess of jurisdictional minimum, plus the cost of this suit.

Respectfully submitted,
/s/: Craig W. Church
CRAIG W. CHURCH # 6193337

MATTHEW F. LIEBERT #6313358
HOEY & FARINA, P.C.
Attorneys for Plaintiff
542 South Dearborn Street, Suite 200
Chicago, IL 60605
Telephone: 312-939-1212
Facsimile: 312-939-7842
cchurch@hoeyfarina.com
mliebert@hoeyfarina.com