# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODNEY R. URY, | ) |
|       Plaintiff, | ) **STIPULATED PROTECTIVE** |
| | ) **ORDER** |
| v. | ) |
| | ) Case No. 16-cv-00260 |
| UNION PACIFIC RAILROAD COMPANY, et al., | ) |
| | ) |
|       Defendants. | ) |

This matter comes before the Court on the Joint Motion of the parties for entry of a Stipulated Protective Order. For good cause shown the motion is granted and the Court enters this Stipulated Protective Order to govern discovery and other matters in this case:

1. <u>Stipulation and Agreement in this Party</u>. In this action, the parties have sought and are seeking protected data and documents, which include the DriveCam data, documents, and the personnel file of Lauren Anderes, or copies thereof. The parties also anticipate that there will be questioning concerning confidential information in the course of depositions. The parties assert that the disclosure of such information outside the scope of litigation could result in significant injury to one or more of the parties' business interests. The parties also assert the need for this protective order also applies to any information or materials that contain or are related to the above referenced items produced by a non-party as a result of discovery subpoenas or other methods. The parties have agreed to the entry of this protective order and request the court enter the protective order for the purposes of preventing the disclosure and use of the protective data and documents by any party or non-party except as set forth herein. The terms of this protective order shall apply to any information or materials

produced by either party that contains DriveCam video, data, documents, the personnel file of Lauren Anderes, or copies thereof. Every attorney with law firms representing parties in this case shall be deemed to be subject to this protective order and shall be deemed to have actual knowledge of the restrictions herein.

2. <u>Treatment of Confidential Information</u>. Any confidential information shall be treated as confidential by the parties, their attorneys, and persons assisting their attorneys as follows:

   a. Confidential information shall be used only for the purposes of this litigation, including any appeals, and may not be used for any purpose or disclosed in any manner outside of the reasonable conduct of this case;

   b. Confidential information shall not be disclosed to anyone other than the court and its staff, the parties hereto, their attorneys of record in this litigation, and their employees who are assisting such attorneys in this litigation, any in house counsel, court reporters who record, a deponent and other testimony, witnesses, deponents, consultants, and/or experts;

   c. If the protected data and documents are reproduced each copy or portion of a copy thereof shall be numbered and RCX shall be notified of the number of copies made. The original and all such copies shall be returned to RCX at the conclusion of litigation; and,

   d. The parties herein, their attorneys, and all experts to whom the protective data and documents is disclosed shall, before the obtaining access thereto, be shown and read a copy of the protective order and shall agree to be bound by the terms thereof and to submit to the court's jurisdiction for purposes of

enforcement or compliance. Such individuals shall sign a signature page of the photocopy of the stipulated motion and protective order and said such signature pages shall be supplied to the attorney for RCX. Upon final determination or resolution of this action, the protected data and documents shall be promptly returned to counsel for RCX.

IT IS SO ORDERED.

Dated this 24th day of January, 2017.

                        BY THE COURT:

                        *s/Cheryl R. Zwart*
                        United States Magistrate Judge